## PEOPLE OF STATE OF ILLINOIS ex rel. MAZY v. RAGEN, Warden.

### No. 43 C 546.

District Court, N. D. Illinois, E. D.

May 11, 1944.

Martin S. Gerber, of Chicago, Ill., for petitioner.

George F. Barrett, Atty. Gen., of Illinois, and Hector A. Brouillet, and Duane Reed, Asst. Attys. Gen., for respondent.

CAMPBELL, District Judge.

The petitioner has filed a request for a writ of habeas corpus averring that he is being detained illegally by the Warden of

the Illinois State Penitentiary at Stateville, Joliet, Illinois.

The writ subsequently issued, counsel was appointed for petitioner and upon hearings duly had in open court the following facts were stipulated and agreed to by both sides:

"That the petitioner Alex Mazy is charged with having committed the crime of armed robbery on June 14, 1927 in St. Clair County, Illinois; that subsequent to that date he was duly arrested for such offense; that on September 3, 1927, a petition to inquire into the lunacy and insanity of the petitioner was filed in the Circuit Court of St. Clair County and on the same day a jury was impaneled to try this issue; that E. G. Grossman, an attorney, was appointed guardian ad litem for the petitioner, and, as such guardian, he appeared and represented the petitioner; that the jury so impaneled found petitioner to be insane and that such insanity occurred after the commission of the alleged crime; that a judgment was entered by the said Court committing petitioner to a hospital for the criminal insane, there to remain until restored and then to be returned to St. Clair County for trial; that in accordance with this judgment the petitioner was so confined in the Chester State Hospital; that on September 26, 1927, an Indictment charging the petitioner with committing armed robbery on June 14, 1927, was filed in the Circuit Court of St. Clair County, Illinois; that on April 23, 1928, petitioner was arraigned and counsel was duly appointed to assist him in his defense; that on May 4, 1928, he was convicted by a jury and sentenced to a term of ten years to life; that when petitioner was returned to St. Clair County for trial, no jury was impaneled to determine whether the petitioner's sanity had been restored; that there is no record in the Circuit Court of St. Clair County that any jury was impaneled to conduct such a hearing; and that the records of the Circuit and County Courts of St. Clair County and the records of the similar Courts at Chester, Illinois, reveal that no adjudication of restoration to sanity of the petitioner was at any time made by any of said Courts."

The petitioner testified in this proceeding that when he was returned from the hospital for trial no jury was impaneled to pass upon his sanity. This testimony stands uncontradicted.

The return filed by the respondent challenges the sufficiency of the petition contending it does not contain sufficient facts to warrant the issuance of the writ because it fails to show a case wherein the petitioner has exhausted all his legal remedies in the State Courts before making application to this Court. It admits the petitioner was indicted, arraigned and convicted and that he is being held in the Illinois State Penitentiary at Joliet by the respondent, Joseph E. Ragen, by reason of the mittimus of the Circuit Court of St. Clair County. The petitioner is now serving the maximum sentence imposed upon him for the crime for which he stands convicted.

The return makes no mention as to whether or not a jury was impaneled to pass upon the sanity of the petitioner after he was returned to the Circuit Court of St. Clair County for trial. This may be because of the failure of the petition for a writ of habeas corpus to specifically allege the petitioner had not been granted such a sanity hearing. The return does say, however, that on March 27, 1928, petitioner was discharged, by order of R. W. Ide, Director of the Department of Public Welfare, from the Chester State Hospital on the recommendation of Dr. Frank A. Stubblefield, Managing Officer, because petitioner at that time showed no sign of mental disease and, therefore, should be returned for trial.

The petition for the writ among other things states the petitioner is unlawfully restrained and deprived of his liberty and freedom by the respondent, Joseph E. Ragen, Warden of the State Penitentiary of Stateville at Joliet, in the County of Will, State of Illinois, and within this District, and he is detained because of the judgment of May 4, 1928, but fails to make a specific and formal challenge to the jurisdiction of the trial court to enter the judgment.

The petitioner has been confined in the Illinois State Penitentiary since May, 1928. On or about March 1, 1943, he presented a petition for a writ of habeas corpus to the Circuit Court of Will County. This petition was denied. On March 18, 1943, he presented a petition to the Supreme Court of the State of Illinois for a writ of habeas corpus and it was likewise denied.

The State has failed to offer any evidence to contradict petitioner's statement that he was not granted a statutory sanity

---

hearing before his arraignment, trial and conviction.

Chapter 38, Ill.Rev.Stat.1943, § 593, Section 13, Division 2 of the Illinois Criminal Code, unchanged since 1845, the year of its adoption, reads as follows:

"A person that becomes lunatic or insane after the commission of a crime or misdemeanor shall not be tried for the offense during the continuance of the lunacy or insanity.

"If, after the verdict of guilt, and before judgment pronounced, such person become lunatic or insane, then no judgment shall be given while such lunacy or insanity shall continue. And if, after judgment and before execution of the sentence, such person become lunatic or insane, then in case the punishment be capital, the execution thereof shall be stayed until the recovery of said person from the insanity or lunacy.

"In all of these cases, it shall be the duty of the court to impanel the jury to try the question whether the accused be, at the time of impaneling, insane or lunatic."

■ The Supreme Court of Illinois, in passing on this provision of the Illinois Criminal Code (People v. Preston, 345 Ill. 11–16, 177 N.E. 761), has held the concluding sentence of Section 13 is a departure from the common law, in that the discretion vested in the trial judge by common law with respect to the manner of conducting the proceedings in the Section is withdrawn to the extent the impaneling of a jury is made mandatory. Thus, the failure to impanel a jury to determine whether the accused be, at the time of impaneling, insane or lunatic, presents a jurisdictional question and not a mere procedural error. The failure of the Court to impanel such jury prevents either the arraignment, trial or sentencing of such insane person.

■ We are not here concerned with disturbing the rule of comity existing between the Federal and State governments which requires each to respect the judgments and decrees of the other, because in this particular case investigation and inquiry has established that the judgment of conviction which respondent offers as his reason for detaining petitioner is void. The petitioner, in this particular case, legally speaking, was never arraigned, tried or convicted because the mandatory provisions of the Statute above quoted were ignored.

■ It has long been the policy of the Federal Courts to refuse to interfere with the judgments of State Courts unless a compelling reason exists for so doing. The failure of the State officials to take action to rectify a mistake such as in this case does not of itself make it necessary for this Court to interfere with the judgment. It is the established law in the Federal Courts that the writ of habeas corpus cannot, and should not, be used as a means of reviewing errors of law and irregularities not involving jurisdictional questions, but, where a judgment of conviction is pronounced by a court that lacks jurisdiction, such judgment is void and one imprisoned under it may obtain his release by habeas corpus.

The Supreme Court of the United States in Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461, 146 A. L.R. 357, said:

"A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.' * * *

" 'There being no doubt of the authority of the Congress to thus liberalize the common-law procedure on habeas corpus in order to safeguard the liberty of all persons within the jurisdiction of the United States against infringement through any violation of the Constitution or a law or treaty established thereunder, it results that under the sections cited a prisoner in custody pursuant to the final judgment of a state court of criminal jurisdiction may have a judicial inquiry in a court of the United States into the very truth and substance of the causes of his detention, although it may become necessary to look behind and beyond the record of his conviction to a sufficient extent to test the jurisdiction of the state court to proceed to a judgment against him. * * * it is open to the courts of the United States upon an application for a writ of habeas corpus, to look beyond forms and inquire into the very substance of the matter * * *.' "

■ State and Federal authorities have settled the proposition that when a person has been legally. adjudged mental-

ly incompetent, the presumption of sanity no longer prevails; in its place there arises a presumption of lack of mental capacity and the burden of proving mental capacity devolves upon him who asserts it. It is equally well settled that an insane person can not plead nor can he be sentenced. These authorities and the Illinois Statute above quoted imposed upon the St. Clair County Circuit Court in the case of this petitioner a duty to determine his mental condition before his arraignment and trial. I hold that its failure so to do makes its judgment absolutely void.

This court under the law cannot be concerned with the guilt or innocence of the petitioner, nor the nature of the crime for which he stands convicted. It is merely its duty to determine whether or not the State Court had jurisdiction to arraign, try and proceed to judgment in the case of this petitioner. Without the court having such jurisdiction the petitioner is being detained of his liberty on a void judgment. Although the State officials have had knowledge that the petitioner was put on trial before a sanity restoration proceeding took place, they have taken no steps to free the prisoner from the effects of the judgment.

This Court is not concerned with the allegations in the petition that refer to the Illinois Parole Law or to the actions of the Parole Board. The fact certain prisoners were released by the State of Illinois who received sentences similar to that of petitioner, or that certain persons were paroled or granted conditional pardons by the Governor because the ten year to life law under which the petitioner was sentenced was subsequent to his conviction changed or modified, is not pertinent to this hearing. It is unnecessary for the Court to pass upon such conditions, or how they effect the legal rights of the prisoner because the Court is of the opinion the judgment of conviction is void.

Wherefore, in accordance with the foregoing and upon the findings of fact and conclusions of law hereinabove recited, it is ordered, adjudged and decreed that petitioner's petition be amended to conform to the evidence herein and the writ of habeas corpus be and the same is hereby granted and that petitioner be forthwith released from the custody of the respondent.